IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


BRADLEY BROWN                                              PLAINTIFF


v.                          CIVIL NO. 5:17-CV-5243


NANCY A. BERRYHILL, [1] Acting Commissioner,
Social Security Administration                            DEFENDANT


## MEMORANDUM OPINION

Plaintiff, Bradley Brown, brings this action pursuant to 42 U.S.C. § 405(g), seeking

judicial review of a decision of the Commissioner of the Social Security Administration

(Commissioner) denying his claims for a period of disability and disability insurance benefits

(DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the

Social Security Act (Act). In this judicial review, the Court must determine whether there is

substantial evidence in the administrative record to support the Commissioner's decision. See

42 U.S.C. § 405(g).

Plaintiff protectively filed his current applications for DIB and SSI on February 19,

2013, alleging an inability to work since October 4, 2011, due to carpal tunnel syndrome,

Graves' disease, thyroid problems, high blood pressure, borderline diabetic, depression, post-

traumatic stress disorder (PTSD), anxiety and restless leg syndrome. (Tr. 102-103, 115-116,

---

[1] Nancy A. Berryhill, has been appointed to serve as acting Commissioner of Social Security, and is substituted as
Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

128, 141). For DIB purposes, Plaintiff maintained insured status through March 31, 2015. (Tr. 102, 128, 161). An administrative hearing was held on January 17, 2014, at which Plaintiff and a vocational expert testified. (Tr. 48-78). The ALJ issued a written opinion dated April 17, 2014, where he found that the Plaintiff had not been under a disability within the meaning of the Social Security Act. (Tr. 169). Plaintiff subsequently appealed the decision to the Appeals Council, who remanded the case back to the ALJ on October 30, 2015. (Tr. 175-179). A second administrative hearing was held on April 28, 2016, at which Plaintiff and a Vocational expert testified. (Tr. 28-46).

By written decision dated June 23, 2016, the ALJ found that during the relevant time period, Plaintiff had severe impairments of anxiety, depression, personality disorder, degenerative disc disease, and carpal tunnel syndrome. (Tr. 14). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 14-15). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), except for the following:

> [Plaintiff] is limited to occasional climbing, balancing, crawling, kneeling, stooping, and crouching; frequent fingering and handling bilaterally; can perform simple, routine, repetitive tasks in a setting where interpersonal contact is incidental to the work performed; and can respond to supervision that is simple, direct, and concrete.

(Tr. 15). With the help of a vocational expert (VE), the ALJ determined that although Plaintiff was unable to perform his past relevant work, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as a price marker, a plastics molding machine tender, and a routing clerk. (Tr. 18). The ALJ concluded that the Plaintiff

had not been under a disability, as defined in the Social Security Act, from October 4, 2011, through the date of the decision. (Tr. 19).

Subsequently, Plaintiff requested a review of the hearing decision by the Appeals Council, and that request was denied on September 25, 2011. (Tr. 1-7). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 13, 14).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby

summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. See Sledge v. Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

IT IS SO ORDERED AND ADJUDGED this 22nd day of March, 2019.


/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE